Per Curiam.
We think the judgment was rightly entered. The result of the authorities, which are numerous, is, that where a joint action is brought against two for a trespass done, and there is a judgment against both, it must be a judgment for joint damages. All the legal consequences of (here being a joint judgment must necessarily follow ; one of which is, that *566 each is liable for all the damage, which the plaintiff has sustained by such-trespass, without regard to different degrees or shades of guilt. Heydori’s case cites many of the authorities, the effect of which is given in Tidd, that where the action is brought against several defendants and the jury assess severa, damages, the plaintiff may enter a remittitur as to the lesser damages and take judgment against all who are guilty of the joint trespass, for the greater damages. And this is founded on a sufficient reason. Each defendant is liable for the whole damages of a joint trespass. A release to one discharges both, and the reason is, that the damage is joint. The plaintiff here alleges a joint trespass. The defendants plead severally, that . they are not guilty — of what ? of the joint trespass ; and they are found guilty — of what ? of the same joint trespass. Damages are assessed against one at seventy-five dollars ; this therefore, by the finding of the jury, is the damage which the plaintiff has sustained, and the law draws the inference that both are liable for that sum. The inquiry of damages, though made by the same jury, when an issue in fact is tried, is in some degree collateral to the trial of the issue. Where there is judgment on an issue of law alone, there must necessarily be a distinct inquiry of damages, and then the question for the jury is only what damages has the plaintiff sustained, by reason of the trespass done, without regard to the particular acts done by either of the defendants. So where the damages are found by the jury, on an issue in fact, the sole inquiry open to them is, what damages the plaintiff has sustained, not who ought to pay them ; and therefore their finding of separate damages is beyond their authority and merely void. Suppose in an action against two for a joint trespass, one of the defendants demurs to the declaration, and the declaration is sustained, and the other pleads the general issue, which is found against him and damages are assessed ; judgment would be rendered that both were guilty, and execution would issue against both for the damages so found by the jury. On principle, as well as authority, the judgment entered in the case before us was correct

Judgment affirmed.